Torres v. SOT










NUMBERS 13-02-00280-CR


 13-02-00281-CR

 13-02-00282-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


GEORGE TORRES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 214th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Opinion by Justice Hinojosa



 A jury found appellant, George Torres, guilty of aggravated sexual assault of a child
in cause number 13-02-280-CR. (1) After the jury returned its verdict, appellant entered into
a plea agreement with the State. Pursuant to the agreement, appellant judicially confessed
that he committed the offense of aggravated sexual assault of a child in cause number 13-02-280-CR, and pleaded guilty to one count of aggravated sexual assault of a child in
cause number 13-02-281-CR (2) and one count of aggravated sexual assault of a child in
cause number 13-02-282-CR. (3) In accordance with the plea agreement, the trial court
assessed appellant's punishment in each case at twenty-five years imprisonment, with all
three sentences running concurrently. The trial court has certified that it gave appellant
permission to appeal these three cases. See Tex. R. App. P. 25.2(a)(2).

 Appellant's counsel has filed a brief in which he states that he has reviewed the
clerk's record and reporter's record in these three cases and concludes that appellant's
appeals are frivolous and without merit. See Anders v. California, 386 U.S. 738, 744
(1967). The brief meets the requirements of Anders as it presents a professional
evaluation showing why there are no arguable grounds for advancing an appeal. See
Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). In compliance with
High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully
discussed why, under the controlling authorities, there are no errors in the trial court's
judgments.

 Counsel has certified that he has given appellant a copy of his appellate brief and
informed him of his right to examine the record and file a pro se response or brief. To date,
appellant has not filed any such response or brief.

 Upon receiving a "frivolous appeal" brief, appellate courts must conduct "a full
examination of all proceeding[s] to decide whether the case is wholly frivolous." Penson
v. Ohio, 488 U.S. 75, 80 (1988). We have carefully reviewed the appellate record in these
three cases and counsel's brief. We find nothing in the record that might arguably support
these appeals. We agree with appellant's counsel that these appeals are wholly frivolous
and without merit.

 The judgments of the trial court in these three cases are affirmed.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. See Tex. R. App. P. 47.2(b).


Opinion delivered and filed this the

21st day of August, 2003.
1. Trial court cause number 01-CR-1375-F.
2. Trial court cause number 01-CR-1376-F.
3. Trial court cause number 01-CR-1377-F.